## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

CAROLYN SMITH,

    Plaintiff,

v.                                              CASE NO: 21-cv
                                                HON:

ADRIAN TOWNSHIP, and JOSHUA PERRY
in his individual and official capacities.

    Defendants,

| |  |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>THOMAS P. KERR (P84864)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650 / (248) 698-3321 (fax)<br>Amy.derouin@cjtrainor.com<br>Thomas.kerr@cjtrainor.com | |

## COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiff, **CAROLYN SMITH,** by and through her attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for her Complaint against the above-named Defendants states as follows:

1

1. Plaintiff is a resident of the City of Adrian, County of Lenawee County, State of Michigan.

2. Defendant ADRIAN TOWNSHIP is a municipal corporation and governmental subdivision organized and existing under the laws of the State of Michigan.

3. Defendant JOSHUA PERRY is and/or was a police officer employed by the Adrian Township Police Department and was acting under color of law, in his individual and official capacity, and within the course and scope of his employment at all times mentioned herein.

4. All relevant events giving rise to this lawsuit occurred in the City of Adrian, County of Lenawee, State of Michigan.

5. This lawsuit arises out of Defendants' violation of Plaintiff's federal constitutional rights as secured by the Fourth Amendment as it applies to the States through the Fourteenth Amendment to the United States Constitution and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. § 1963. Plaintiff also has viable state law claims.

6. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 [federal question] and 28 U.S.C. § 1343 [civil rights].

7. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), not included interest, costs, and attorney fees.

## FACTS

8. On April 28, 2021, Plaintiff's son was confronted by Officer Payne at Plaintiff's residence regarding an incident that occurred earlier in the day at a local 7/11 convenience store.

9. Plaintiff awoke from the lights of Officer Payne's vehicle and went outside to assess the situation.

10. At this time, Plaintiff and her son were discussing what happened with Officer Payne and the situation was calm.

11. Defendant Perry then came running onto the scene from his vehicle yelling and escalating the situation while pointing a taser at Plaintiff, Plaintiff's son and Plaintiff's husband, David Natal.

12. Plaintiff immediately raised her hands and informed Defendant that the situation was calm as she tried to step back away from the Defendant and Officer Payne.

13. Defendant then grabbed Plaintiff by her wrist and yanked her towards him while pointing his tazer over Plaintiff towards her son, who was still standing by the vehicle talking with Officer Payne.

14. Defendant Perry without making any commands or any attempt to try and understand the situation tazed Plaintiff's son over Plaintiff.

15. Plaintiff immediately put her hands up and tried again to calm down the angered and unreasonable Defendant Perry, while Plaintiff's son screamed in pain.

16. Defendant Perry then grabbed Plaintiff by the back of her neck, pressed the tazer to her back, threw her to the ground and tazed her.

17. Defendant Perry subsequently stepped on Plaintiff's legs, pointed the taser again in her face, and knelt on her ribs, while Plaintiff's son and husband cried out that Plaintiff suffered from a heart condition.

18. Defendant Perry than remained kneeling on Plaintiff's ribs and stomach with the full force of his weight while he pointed the tazer at her husband and while Plaintiff was begging for him to take off the pressure to her stomach.

19. As a result of Defendants' unlawful actions and/or inactions, Plaintiff sustained injuries and damages.

## COUNT I
## VIOLATION OF THE FOURTH AMENDMENT
## 42 U.S.C. § 1983 EXCESSIVE FORCE

20. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

21. At all relevant times herein, the individual Defendant Perry acted under color of law, within the scope and course of his employment, and in his official and individual capacities.

22. Defendant Perry violated Plaintiff's clearly established and federally protected rights as set forth under the United States Constitution and the Amendments thereto, including, but not limited to, the Fourth Amendment of the United States

Constitution to be free from unreasonable searches and seizures mainly to be free from excessive use of force, when he employed unnecessary and unreasonable excessive force which resulted in significant injuries to Plaintiff.

23. The actions of Defendant Perry were at all times objectively unreasonable in violation of Plaintiff's clearly established rights under the Fourth Amendment to the United States Constitution which proximately resulted in significant injuries to Plaintiff.

24. Defendant Perry is not entitled to qualified immunity because he violated Plaintiff's clearly established Fourth Amendment right to be free from excessive use of force.

25. As a proximate result of the violations and/or deprivations of Plaintiff's constitutional rights by Defendants, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 together with costs, interests, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

## COUNT II
## DEFENDANT ADRIAN TOWNSHIP
## CONSTITUTIONAL VIOLATIONS

26. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

27. Defendant Adrian Township permitted customs, practices, and/or policies which resulted in the violations of Plaintiff's constitutional rights as complained of herein.

28. These customs, practices, and/or policies included, but were not limited to, the following:

   a. Failing to adequately train and/or supervise its police officers so as to prevent violations of citizens' constitutional rights;

   b. Failing to adequately train and/or supervise police officers regarding the proper use of force;

   c. Failing to adequately train and/or supervise police officers regarding proper procedures for conducting investigations into alleged criminal conduct; and

   d. Failing to adequately supervise, review, and/or discipline police officers whom Defendant Adrian Township knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby

permitting and/or encouraging its police officers to engage in unlawful conduct.

29. Defendant's conduct was so reckless so as to demonstrate deliberate indifference for whether an injury resulted.

30. Defendant's acts and/or indifference and/or omissions were the direct and proximate cause of Plaintiff's injuries.

31. The facts as set forth in the preceding paragraphs constitute a violation of Plaintiff's constitutional rights; and pursuant to 42 U.S.C. § 1983, Plaintiff has a viable claim for compensatory and punitive damages, costs, and attorney fees as set forth in 42 U.S.C. § 1988

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in her favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

 **s/ Christopher Trainor                    .**
CHRISTOPHER J. TRAINOR (P42449)
AMY J. DEROUIN (P70514)
THOMAS P. KERR (P84864)
Dated: June 29, 2021           Attorneys for Plaintiff
CJT/TPK                        9750 Highland Road
                               White Lake, MI  48386
                               (248) 886-8650

7

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN

CAROLYN SMITH,

    Plaintiff,

v.                                                CASE NO: 21-cv
                                                   HON:

ADRIAN TOWNSHIP, and JOSHUA PERRY
in his individual and official capacities.

    Defendants,

| |  |
|---|---|
| <u>CHRISTOPHER TRAINOR & ASSOCIATES</u><br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>THOMAS P. KERR (P84864)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650 / (248) 698-3321 (fax)<br>Amy.derouin@cjtrainor.com<br>Thomas.kerr@cjtrainor.com | |

## **DEMAND FOR JURY TRIAL**

**NOW COMES** Plaintiff, **CAROLYN SMITH,** by and through her attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and hereby makes a Demand for Trial by Jury in the above-captioned matter.

        Respectfully Submitted,
        CHRISTOPHER TRAINOR & ASSOCIATES

        **s/ Christopher Trainor**
        CHRISTOPHER J. TRAINOR (P42449)
        AMY J. DEROUIN (P70514)
        THOMAS P. KERR (P84864)
        Attorneys for Plaintiff
        9750 Highland Road
        White Lake, MI 48386
        (248) 886-8650
        amy.derouin@cjtrainor.com

Dated: June 29, 2021
*CJT/TPK*